### LACH v. BURNHAM et al.

(Circuit Court, E. D. Pennsylvania. December 22, 1904.)

No. 32.

1. MASTER AND SERVANT—INJURY OF SERVANT—NEGLIGENCE OF FELLOW SERVANT.

The foreman of a gang of workmen employed by defendant, of which plaintiff was one, directed them to remove a pile of iron braces, weighing 80 or 90 pounds each. The piles were about five feet high, and unstable. Instead of acting on the suggestion of some of the men, and pushing the pile over, taking the braces from the ground, the foreman ordered them taken from the top of the pile, which fell during the work, and plaintiff was injured. *Held* that, while the foreman was negligent, it was not negligence in the performance of the master's duty to furnish the men a safe place to work, but in the performance of his

own duty to direct the work to be done in a proper and safe manner, as to which he and plaintiff were fellow servants, and for which negligence defendant was not responsible to plaintiff.

[Ed. Note.—Who are fellow servants, see notes to Northern Pac. R. Co. v. Smith, 8 C. C. A. 668; Flippin v. Kimball, 31 C. C. A. 286.]

At Law. On motion for new trial.

George Demming, for plaintiff.
John G. Johnson, for defendants.

J. B. McPHERSON, District Judge. That the foreman or boss of the gang of day laborers of which the plaintiff was a member was a fellow servant of his subordinates, save in some exceptional situation, cannot be successfully questioned, I think, since the decision in New England R. Co. v. Conroy, 175 U. S. 323, 20 Sup. Ct. 85, 44 L. Ed. 181. See, also, Kelly v. Jutte & Foley Co., 104 Fed. 955, 44 C. C. A. 274, and the cases cited in 12 Rose's Notes to U. S. Reports, 402, 403. No doubt, the situation would be exceptional, and he would be regarded as a vice principal, whenever he might be called upon to discharge the master's duty "to exercise due care respecting the safety of the place and of the instrumentalities for doing the work" (Kelly v. J. & F. Co., supra), and it is his negligence in this character that is insisted upon as the plaintiff's ground of recovery. It is averred in the statement that the defendants, acting through their agent, the foreman, "put plaintiff to work in such an unsafe and dangerous place, and negligently compelled him to work in such a dangerous and improper place, and neglected to take such reasonable and proper precautions against the peculiar dangers incident to the kind of work at which plaintiff was engaged, and employed such a willfully careless and negligent foreman, under whom plaintiff worked, that on said August 4, 1903, plaintiff, while attending properly and carefully to the performance of his duties, was struck and knocked down and crushed by a large piece of iron, whereby he was seriously, frightfully, and permanently injured," etc. In my opinion, however, the testimony did not establish these averments of fault. It was not the place that was proved to be dangerous. The real peril to which the plaintiff was exposed arose from the manner in which the foreman ordered the work to be done, and this, I think, was negligence in his character as a fellow servant, and not in his character as a vice principal.

The plaintiff, with others of the gang, was set to removing from one place to another certain iron braces, of a peculiar shape, that were piled to a height of about five feet. They were in three piles, containing 50 or 60 braces each, narrow and long and crooked. Each brace is said to weigh about 80 or 90 pounds, and some of the workmen complained to the foreman that these irregular and unsteady masses might fall and do some injury if the braces were removed while the piles were standing. There is evidence that the piles were unstable, and the jury would have been justified, I think, in finding that the safest way to do the work would have been to push the piles over, and pick up the braces from the ground. The foreman insisted, however, in taking them off singly from the top; thus running the risk of knocking or jarring the pile over while the work of removal was going on, and while the la-

134 F.—44

borers were necessarily close to the ends of the braces. This was apparently an error of judgment on his part, and is now to be regarded as negligence; but I repeat that it does not seem to me to be negligence in performing the master's duty to furnish his servant a safe place to work, but negligence in performing his own duty to take down the piles of iron in a proper and careful manner. It was in this aspect that the case presented itself to me at the trial, and my opinion has not been changed by argument and further reflection.

A new trial is refused.